VERMILLION COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6608. Promulgated July 5, 1928.

*Charles A. Crawford, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner asks us to hold that it was a personal service corporation during the taxable year in question. While the determination of this question is one necessarily depending to a great extent on the particular facts of the case, Congress in defining the term " personal service corporation " has in the Revenue Act of 1918, section 200, specified certain essentials that must be complied with before that classification can be applied to a taxpayer.

(1) The income must be ascribed primarily to the activities of the principal stockholders.

(2) Such stockholders must be regularly engaged in the active conduct of the affairs of the corporation.

(3) Capital (whether invested or borrowed) must not be an income-producing factor.

(4) The taxpayer must not be a foreign corporation; less than 50 per cent of its income must be attributable to trading as a principal or from Government contracts made during the period of the World War.

It is our opinion that the business was not a business where the income is to be ascribed primarily to the activities of the principal stockholders. All business requires the services of men skilled in the particular field to which the business relates. But unless the business of a corporation can be successfully maintained primarily by the activities of its principal stockholders, it can not meet the test laid down by the statute. See *North American Railway Construction Co.*, 5 B. T. A. 1260.

While the three stockholders possessed in a high degree the skill and experience necessary to the conduct of a coal-mining business, it is clear that without substantial capital it would have been impossible to continue the business at all.

Coal sales for the year 1919 amounted to $237,680.94 and the pay roll to $183,688.80. The mine foreman hired the labor. The petitioner sold the coal and billed the customers. The coal deposits yielded the commodity dealt in and the petitioner had the control over that commodity by reason of its leasehold. That the leasehold, a valuable asset, constituted capital there can not be the slightest doubt. *Cotton Hotel Co.* v. *Boss*, 7 Fed. (2d) 900.

With respect to the fourth requirement of the statute, the petitioner is also disqualified, since it was clearly trading as a principal. Title to the coal when mined was in the petitioner. It sold the coal and billed its customers directly only accounting to the lessee for 50 per cent of the net profits from the mine which was the measure of the rental. As we said in the case of *Green's Advertising Agency*, 8 B. T. A. 393, 396.

That the petitioner was a principal is clear, since it was acting in its own behalf. Was it then dealing in a commodity or thing of such a nature that it

was trading as a principal within the meaning of the Revenue Acts of 1918 and 1921? We think that it was. It was trading in a commodity that is as well defined and capable of being bought, sold and delivered as are iron, coal, corn or wheat. It was buying and selling space and the privilege of advertising in certain theatres, and it paid large amounts therefor, because they were valuable and readily salable. * * *

We think the case at bar presents a more striking example of trading as a principal than the case from which we have quoted above.

In view of the fact that we have reached the conclusion that the petitioner has failed to meet the first, third and fourth requirements of the statute we do not deem it necessary to discuss the second ground.

The determination of the Commissioner must be affirmed.

*Judgment will be entered under Rule 50.*